Cecil REESE, Appellant,

v.

WERTS CORPORATION,
Cross-Appellant.

WERTS CORPORATION,
Cross-Appellant,

v.

BLOOMFIELD MANOR, INC., ABCM
Corporation, and Dan
Schwieger, Appellees.

No. 85–80.

Supreme Court of Iowa.

Dec. 18, 1985.

Rehearings Denied Jan. 10, 1986.

R. Ronald Pogge of Hopkins & Huebner, P.C., Des Moines, and James W. McGrath of McGrath & McGrath, P.C., Keosauqua, for appellant.

M.H. Pothoven and Randall C. Stravers of Clements, Blomgren & Pothoven, Oskaloosa, for cross-appellant.

Bruce G. Kelley of Bradshaw, Fowler, Proctor & Fairgrave, Des Moines, for appellee Bloomfield Manor, Inc.

Richard C. Bauerle of Johnson, Bauerle, Hester & Walter, Ottumwa, for appellees ABCM Corp. and Schwieger.

Considered by REYNOLDSON, C.J., and McCORMICK, McGIVERIN, LARSON and SCHULTZ, JJ.

McCORMICK, Justice.

This appeal presents a problem concerning the law of joint and several liability in a negligence case filed before July 1, 1984, but tried after that date. We must decide what the legislature intended when it provided that Iowa Code section 668.4 "applies to all cases tried on or after July 1, 1984." *See* 1984 Iowa Acts ch. 1293, § 15. We conclude that, except for the fact negligence rather than fault is to be compared, the legislature intended the law of joint and several liability to be applied in the same way to this case as it will be applied to comparative fault cases filed after July 1, 1984. Because the trial court erred in not applying the statute in that manner in the present case, we reverse and remand on plaintiff's appeal. We dismiss the cross-appeal as moot.

Plaintiff Cecil Reese suffered serious injuries on January 29, 1981, when a freight elevator in which she was riding fell from the first floor to the basement of a nursing home where she worked. She brought this action in 1983 against defendant Werts Corporation, which had installed the elevator in 1967. Insofar as relevant here, plaintiff's claim was based wholly on Werts' alleged negligence.

Werts answered, denying material allegations of plaintiff's petition and raising defenses including plaintiff's contributory negligence. Later, on February 27, 1983, Werts cross-petitioned against third-party defendants Bloomfield Nursing Home, Inc., Bloomfield Manor, Inc., and ABCM Corporation, seeking contribution and indemnity on various theories. Bloomfield Nursing Home, Inc., which built the nursing home and subsequently sold it to Bloomfield Manor, Inc., obtained a favorable summary judgment and is not a party to the appeal. Bloomfield Manor, Inc., (hereinafter "Bloomfield") was plaintiff's employer. ABCM Corporation owned Bloomfield and furnished its employee Dan Schwieger to Bloomfield as administrator of the nursing home. Schwieger was subsequently added as a third-party defendant and for liability purposes is identified with ABCM. Thus the cross-petition essentially sought recovery against plaintiff's employer and the third-party management.

Bloomfield moved for summary judgment on the ground no basis existed for Werts' claim against it for contribution or indemnity. The trial court sustained the motion in part, holding that contribution was barred by the common liability rule but that indemnity was possible based upon an independent statutory duty running between Bloomfield and Werts.

The case was tried after July 1, 1984. During the course of trial plaintiff asked leave to amend her petition to join ABCM as a defendant. ABCM resisted on statute of limitations and timeliness grounds, and the court overruled the motion.

The case was submitted on special verdicts in which the jury was asked to decide whether and to what extent each party was causally negligent, with the liability of ABCM and Schwieger considered as one. The jury was also asked to determine plaintiff's damages. The jury found each party causally negligent and determined the percentages as follows: plaintiff, 5 percent; Werts, 15 percent; Bloomfield, 20 percent; ABCM and Schwieger, 60 percent. Plaintiff's damages were determined to be $100,-000.

Plaintiff moved that the court enter judgment in her favor against Werts for $95,-000. Instead the court entered judgment for plaintiff against Werts for $15,000. The court entered no judgment on the cross-petition and separately overruled plaintiff's motion for new trial. Plaintiff appealed, and Werts cross-appealed.

Reversal is sought on several grounds. One of them requires reversal and remand for new trial. We address other issues that are likely to arise on retrial.

I. *Instructional error.* In accordance with 1984 Iowa Acts ch. 1293, § 15, the trial court applied its understanding of Iowa Code section 668.4 in this case. That section provides:

In actions brought under this chapter, the rule of joint and several liability shall

not apply to defendants who are found to bear less than fifty percent of the total fault assigned to all parties.

The trial court interpreted the provision as barring joint and several liability in the present case. This is because defendant Werts was found by the jury to bear less than fifty percent of the negligence assigned to parties as the term "party" is defined in section 668.2. We approved using the section 668.2 definition in *Baldwin v. City of Waterloo*, 372 N.W.2d 486, 491–93 (Iowa 1985).

Plaintiff contends that the court misled the jury in its instructions on the effect on the special verdicts. In one instruction the court said:

> The law provides that if a person who has sustained damages is negligent, such negligence will not bar recovery; rather, the recovery shall be reduced in the proportion or percentage that such negligence bears to the total negligence that proximately caused the damage.

In another instruction the court said:

> [I]f the plaintiff ... has established by a preponderance of the evidence that defendant Werts Corporation was negligent and said negligence was a proximate cause of plaintiff's injury or damage, then you must determine what percentage of their combined negligence is attributable to defendant Werts Corporation in accordance with the special verdict submitted with these instructions. The percentage attributed to the plaintiff will be used by the court to reduce the amount of damages which you find plaintiff has sustained....

These instructions correctly state the law as it existed under *Goetzman v. Wichern*, 327 N.W.2d 742 (Iowa 1982), and *Rosevink v. Faris*, 342 N.W.2d 845 (Iowa 1983), but they do not take into account the effect of section 668.4.

■ Plaintiff made timely objection to the instructions on this ground, and the objection was overruled. When the ground was urged again in plaintiff's motion for new trial, the court rejected it again. The court reasoned that an instruction on the effect of its special verdicts would invite the jury to manipulate its responses to control plaintiff's recovery and would in any event not be required even if chapter 668 were applicable in its entirety. Ordinarily when special verdicts are used the jury is not told of the impact of its findings. *See Poyzer v. McGraw*, 360 N.W.2d 748, 753 (Iowa 1985). Of course when general verdicts are employed the jury is instructed that its verdict determines the plaintiff's right to recover.

■ The court's reasoning in this case overlooks the fact its instructions were not silent on the subject. The jury was told that plaintiff's recovery would be reduced by the percentage that her negligence bore to the total negligence of the parties. If this were true plaintiff's recovery would have been $95,000 instead of $15,000. Having undertaken to instruct the jury on the effect of its determinations, we believe the court was required to instruct accurately.

Moreover, we believe the court actually was required to instruct the jury of the effect of the answers to the special verdicts on plaintiff's recovery. No doubt exists of the court's obligation to do so in cases governed by chapter 668. This obligation is established in section 668.3.

Section 668.3(2) requires the court, unless otherwise agreed by the parties, to use special interrogatories to obtain findings on the claimant's damages, without regard to contributory fault, and the percentage of total causal fault allocated to each party. Thus the court under chapter 668 must use special verdicts like those employed in this case. Section 668.3(5) then provides:

> If the claim is tried to a jury, the court shall give instructions and permit evidence and argument with respect to the effects of the answers to be returned to the interrogatories submitted under this section.

This provision requires the court to instruct the jury not only on the effect of the claimant's contributory fault but also on the effect of the fault of other parties. One such effect is that a defendant who bears

less than fifty percent of the total fault is not jointly and severally liable.

The present case was not filed under chapter 668, but the joint and several liability rule imposed by section 668.4 is applicable to this case as if the case were filed under that chapter. Accordingly, in *Baldwin* we recognized that the legislature must have intended that the definition of "party" in section 668.2 apply to interpretations of section 668.4. *See* 372 N.W.2d at 493. Because the definition in section 668.-2(3) incorporates section 668.7, that provision must apply as well. *Cf. Beeler v. Van Cannon*, 376 N.W.2d 628 (Iowa 1985) (reserving question of whether section 668.7 applies).

If it were not for the early applicability of the new joint and several liability provision, Werts would be subject to joint and several liability under the common law rule in *Rosevink*, 342 N.W.2d at 850. In enacting chapter 668, the General Assembly obviously wished to change the *Rosevink* rule sooner than the *Goetzman* rule. A provision abolishing joint and several liability altogether in cases tried or retried after July 1, 1984, was adopted before the legislative study that led to enactment of chapter 668. *See* 1983 Iowa Acts ch. 198, §§ 28–30. After the study the legislature retracted from total to partial abolition of the doctrine but retained the July 1, 1984, effective date for the new doctrine in cases filed before but tried after that date.

The meaning and effect of the new joint and several liability doctrine cannot be determined solely by reading section 668.4. The doctrine is dependent on other provisions of chapter 668. These provisions include the definition of party in section 668.-2, the status of a released party in section 668.7, submission procedures in section 668.3, and the tolling provisions in 668.8. If less than all of these provisions were to apply to joint and several liability problems in cases in the present category, the result would be joint and several liability that is different in its concept and effects than it will be in cases to which chapter 668 is

fully applicable. These provisions affecting the joint and several liability issue must be read and applied together, "not interpreted as isolated principles reflecting separate provisions of public policy." *Glidden v. German*, 360 N.W.2d 716, 721 (Iowa 1984). We cannot attribute an intent to the legislature to have section 668.4 operate differently and more harshly to claimants in the present intermediate category of cases than in subsequent cases. We are persuaded that the legislature intended the joint and several liability doctrine to have the same meaning and effect in the present case that it will have in future cases. This manifest spirit of the statute prevails over the literal import of 1984 Iowa Acts ch. 1293 § 15. *See Baldwin*, 372 N.W.2d at 493.

Thus we conclude that the trial court erred for two reasons in failing to instruct the jury fully on the effect of its answers to the special verdict forms. One reason is the misleading advice that was actually given, and the other reason is the court's failure to instruct on the subject as required by section 668.3(5).

Because the case must be reversed and remanded for new trial, we address the parties' remaining contentions that are likely to affect retrial.

II. *Equal protection.* Plaintiff contends she was denied equal protection of the law in violation of the fourteenth amendment of the United States Constitution and Article I, section 6, of the Iowa Constitution by being treated differently for statute of limitations purposes than claimants in cases filed under chapter 668 after July 1, 1984. This contention differs from the one rejected in *Beeler v. Van Cannon*, 376 N.W.2d 628 (Iowa 1985). Under the trial court's view plaintiff was barred by the two-year statute of limitations in Code section 614.1(2) from claiming directly against third-party defendant ABCM while she was also barred by section 668.4 from obtaining a joint and several judgment against defendant Werts.

Section 668.8 tolls the statute of limitations upon filing of a petition under chapter 668 as to all parties who may be assessed any percentage of fault. When this provision applies, the statute of limitations will not shield a third-party defendant from an action by the plaintiff based on causal fault that defeats the plaintiff's right to a joint and several judgment pursuant to section 668.4. We believe section 668.8 is a trade-off for the modified joint and several liability rule of section 668.4 and is intended to ameliorate it. Because section 668.8 applies in any case in which section 668.4 applies, the classification attacked by plaintiff does not exist. Plaintiff's equal protection contention is thus moot.

Because the trial court denied plaintiff's motion to join ABCM on an additional ground that the motion came too late during the trial, the ruling would not necessarily have been different with the statute of limitations ground removed. Now, however, the timeliness ground has also lost its cogency, and the trial court may well rule differently on a renewed motion by plaintiff after remand. *See Nelson v. Ludovissy,* 368 N.W.2d 141, 146 (Iowa 1985). In any event, section 668.8 preserves the right of plaintiff to bring a separate action against ABCM.

III. *The summary judgment ruling.* Plaintiff contends the trial court erred in denying Bloomfield's motion for summary judgment. Bloomfield urges the same contention. Because we believe this question should be addressed for purposes of retrial, we pass any issue of error preservation or standing.

In sustaining the motion for summary judgment in part, the trial court followed *Iowa Power and Light Co. v. Abild Construction Co.,* 259 Iowa 314, 322–23, 144 N.W.2d 303, 308–09 (1966). The *Abild* rule is that common liability to the injured party is a condition upon the right to contribution or to indemnity when indemnity is based on the active-passive negligence dichotomy. This rule was unchanged by adoption of comparative negligence. *See Thompson v. Stearns Chemical Corp.,* 345 N.W.2d 131, 136 (Iowa 1984). Nor does the rule appear to be affected by the change in the law governing joint and several liability in chapter 668.

Plaintiff was barred from recovering directly against Bloomfield because of the exclusivity provisions of the workers' compensation statute. Because common liability was thus lacking, the trial court was correct in entering summary judgment for Bloomfield on Werts' cross-petition for contribution and for indemnity based on active-passive negligence.

The court overruled plaintiff's motion in part on the ground that an independent duty existed between Bloomfield and Werts that might establish a basis for indemnity. In so holding the court relied on *Blackford v. Sioux City Dressed Pork, Inc.,* 254 Iowa 845, 118 N.W.2d 559 (1962). In *Blackford* the court found an independent duty running from the employer to the defendant based on an implied contract of the employer to perform certain cleaning tasks on the defendant's premises safely. *Id.* at 855, 118 N.W.2d at 563–64.

No such situation exists here. Rather the duty is alleged to be Bloomfield's duty to have the elevator registered under Code section 104.5 for inspection by the state as required by section 104.6 and to keep it in safe operating condition as required by section 104.14. These statutes do not create an independent duty running from Bloomfield to Werts. Any invasion of plaintiff's rights by Bloomfield through violation of the statutes would not constitute an independent invasion of any right of Werts. The court should have sustained Bloomfield's motion for summary judgment in full.

This is only one ground for holding that the issue of Bloomfield's negligence should not have been submitted to the jury for purposes of allocating fault among the parties. A more basic ground also exists. The allocation of fault under section 668.4 is an allocation of percentage of fault

among the parties based on the extent of the causal relation between their fault and the claimant's injuries. *See* § 668.3(1) and (3). Grounds for indemnity arise from the relationship between the indemnitor and indemnitee, and they exist independently from those parties' relationship to the claimant.

When a right to indemnity arises, it does not affect the division of causal fault among those responsible for injuring the claimant. Thus when section 668.2 defines "party" to include third-party defendant, it means a third-party defendant whose fault toward the claimant is an issue either in the original action or the third-party action. When the third-party defendant is in the case only on an indemnity claim not involving comparative fault, the third-party's fault toward the plaintiff is not an issue. Because of the exclusivity of plaintiff's workers' compensation remedy against Bloomfield, recognized by the trial court in its summary judgment ruling, Bloomfield's causal negligence toward plaintiff was not an issue in the case. Thus even if the trial court were correct in keeping Bloomfield in the case for indemnity, no issue existed to support apportioning a share of causal fault for plaintiff's injuries to Bloomfield. The purported basis for allocating fault to Bloomfield was the alleged breach of duty owed by Bloomfield to Werts, not a breach of duty owed by Bloomfield to plaintiff.

The trial court therefore erred in permitting the jury to allocate a percentage of causal negligence to Bloomfield.

IV. *The cross-appeal.* The cross-appeal by Werts assails plaintiff's right to complain of the trial court's summary judgment ruling and asks in the event plaintiff is held entitled to a larger judgment that the case be remanded for rulings on the contribution and indemnity claim. Our holding on the appeal makes the cross-appeal moot.

REVERSED AND REMANDED ON THE APPEAL; CROSS-APPEAL DISMISSED.