**PAYNE PLUMBING & HEATING CO., INC., Appellee,**

v.

**BOB McKINESS EXCAVATING & GRADING, INC. and Henkel Construction Company, Appellants.**

No. 85–334.

Supreme Court of Iowa.

Feb. 19, 1986.

F. David Eastman, of Law Offices of Walter C. Schroeder, Mason City, for appellant Bob McKiness Excavating & Grading, Inc.

Jay M. Shriver, of Pappajohn, Shriver, Eide & Nicholas, Mason City, for appellant Henkel Const. Co.

Robert H. Shepard, of Shepard & Locher, Mason City, for appellee.

LARSON, Justice.

Problems with a construction project on the campus of Northern Iowa Area Community College (NIACC) in Mason City, Iowa, resulted in a lawsuit and a procedural free-for-all, among the contractors, over the apportionment of damages. These issues are raised: (1) whether the alleged negligence of two parties who had been directed out of the suit should have been considered by the jury in fixing the percentages of negligence under Iowa Code chapter 668; (2) whether one of the subcontractors was entitled to indemnity from another under the active-passive negligence principle; (3) whether the general contractor, who was found by the jury to be forty percent negligent, was nevertheless entitled to indemnity under an indemnifying agreement with its subcontractor; (4) whether this indemnifying agreement prevented recovery by the subcontractor on its cross-claim against the general contractor; and (5) whether the court erred in denying the general contractor's motion for a directed verdict on the subcontractor's cross-claim, and in instructing the jury that the general contractor owed a duty to the subcontractor.

We hold that (1) alleged acts of negligence by a party previously removed from the action by a directed verdict may not be considered in assessing percentages of negligence; (2) the active-passive negligence basis of indemnity is inapplicable; (3) the written indemnifying agreement with the subcontractor entitled the general contractor to full indemnity despite the fact it was itself found to be negligent; (4) the indemnifying agreement prevented recovery by the subcontractor on its cross-claim against the general contractor; and (5) the issues concerning the motion for directed verdict, and the instructions, are moot. We affirm in part and reverse in part.

This construction project involved the expansion by NIACC of its Mason City campus. Specifically, it involved the installa-

tion of underground lines for heating and cooling newly constructed buildings. NIACC employed Henkel Construction Company as general contractor. Henkel subcontracted with the plaintiff, Payne Plumbing & Heating Co., Inc., which was responsible for laying the pipe in the trench. It also subcontracted with defendant McKiness Excavating & Grading, Inc. for digging the trench and backfilling it after the pipes were installed. The specifications for the project were supplied by Frank Pulley Associates, Inc., and the pipe was purchased from A.O. Smith-Inland, Inc.

The project was to begin early in the fall of 1978. It was started late, however, and, before the installation of the pipes was completed, the weather became bitterly cold. The dirt, which had been excavated and placed alongside the trench, became frozen solid. McKiness began to backfill the trench. There was evidence that large pieces of frozen dirt were rolled into the trench, striking the fiberglass pipe. When NIACC attempted to use the heating and cooling system, leaks began to appear. In all, approximately thirty leaks were discovered and repaired. The repair work was done by Payne and McKiness. McKiness excavated and Payne did the actual repair work on the pipes. There was substantial evidence that the leaks were caused by the backfilling.

Ultimately, Payne sued McKiness, NIACC, and Henkel in an action for declaratory judgment. Payne later amended its action to sue at law and to dismiss some of the parties, leaving only McKiness as a defendant. McKiness cross-claimed against Henkel and cross-petitioned against A.O. Smith-Inland, Inc., the supplier of the pipe, and Frank Pulley Associates, the supervising engineer. Henkel cross-claimed against McKiness.

The matter proceeded to trial on December 11, 1984 (after the effective date of the joint and several liability provisions of Iowa Code chapter 668. See 1984 Iowa Acts ch. 1293, § 15.). At the close of the evidence, McKiness' cross-petition against defendants Smith and Pulley was dismissed on the ground they owed no duty to McKiness. This terminated all connections of Smith and Pulley with the case, as they were parties to no other pleadings. No appeal has been taken from the order of the court dismissing these parties.

Before the jury was instructed, McKiness objected to the special verdicts because they did not allow the jury to consider the acts of Smith and Pulley in assessing percentages of negligence. See 1984 Iowa Acts ch. 1293, § 4 (codified as Iowa Code § 668.4 (1985)) (providing parties less than fifty percent negligent not subject to joint and several liability). McKiness contended the involvement of these parties should be considered even though they were no longer parties to the action. (Inclusion of these parties' negligence could, of course, benefit McKiness by diluting its percentage of negligence, thus avoiding the application of joint and several liability.)

The jury found liability as follows:

| | |
|---|---|
| Payne | 0% negligent |
| McKiness | 60% negligent |
| Henkel | 40% negligent |

Based on these assessments of negligence, the court entered judgment against McKiness for the full amount of Payne's claim because McKiness was more than fifty percent negligent. See id. It then entered judgments in favor of Henkel and against McKiness for sixty percent of Henkel's damages and against Henkel for forty percent of McKiness' damages. The judgments for Henkel and McKiness were offset, and a judgment against McKiness was entered for the difference.

The court dismissed Henkel's claim of contractual indemnity against McKiness. It also dismissed McKiness' claim against Henkel based on principles of active-passive negligence.

## I. Assessment of Negligence to Nonparties.

The first issue is whether the court erred in refusing to permit the jury to consider

the negligence, if any, of defendants Smith and Pulley, who had been severed from the case.

This issue is controlled by *Baldwin v. City of Waterloo*, 372 N.W.2d 486 (Iowa 1985) (en banc), which was filed after the trial in this case. We held in that case that, for purposes of assessing percentages of liability, nonparties to the action could not be considered. In *Baldwin*, the identity of the nonparties was not known, and McKiness seeks to distinguish it on that basis.

The definition provided by statute is as follows:

As used in this chapter, unless otherwise required, "party" means any of the following:

1. A claimant.

2. A person named as defendant.

3. A person who has been released pursuant to section 668.7.

4. A third-party defendant.

1984 Iowa Acts ch. 1293, § 2 (codified as Iowa Code § 668.2 (1985)).

McKiness cites cases from other jurisdictions which have allowed consideration of the negligence of what McKiness characterizes as "phantom defendants" under circumstances analogous to these. As we noted in *Baldwin*, however, section 668.2 controls, and it does not include unidentified tortfeasors. We also noted that the Uniform Comparative Fault Act provided similar restrictions and set out the rationale for such limitations. *Id.* at 493. *See also Reese v. Werts Corp.*, 379 N.W.2d 1 (Iowa 1985).

■ The court was correct in refusing to allow the jury to assess liability against Smith and Pulley. Having been dismissed from the suit, they were no longer "parties" under the statute.

## II. *McKiness' Indemnity Claim.*

We discussed the effect of active and passive negligence on the right to indemnity in the case of *Sweeny v. Pease*, 294 N.W.2d 819, 823 (Iowa 1980):

Active negligence is the negligent conduct of active operations. It involves some positive act or some breach of duty to act which is the equivalent of a positive act. It exists when the person seeking indemnity has personally participated in an affirmative act of negligence, was connected with a negligent act or omission by knowledge or acquiescence, or has failed to perform a precise duty in breach of an agreement. The crucial issue is whether the person seeking indemnity has participated in some manner in the conduct or omission which caused the injury beyond a mere failure to perform a duty imposed by law. In contrast, passive negligence is nonfeasance or inaction, such as the failure to discover a dangerous condition or to perform a duty imposed by law.

We also noted in *Sweeny* that, when reasonable minds could not disagree on the nature of the negligence charged, the issue should be decided as a matter of law. *Id.* at 822. The test is whether the party seeking indemnity *defended* against a charge of active or primary negligence. *Id.* at 821.

The claims against McKiness clearly involved active negligence. It was alleged that McKiness was the party actually rolling the frozen dirt onto the pipes. McKiness claims, in effect, that it was pressured into backfilling the ditch at a time when the frozen dirt would likely cause damage to the pipes. Even assuming this compulsion theory was established in the evidence, it does not present a situation of passive negligence. As we noted in *Sweeny*, passive negligence is nonfeasance or inaction, such as the failure to discover a dangerous condition or to perform a duty imposed by law. *Id.* at 823.

■ We agree with the district court. McKiness, having defended allegations of active negligence, is not entitled to indemnity from Henkel.

## III. *The Indemnifying Agreement.*

The contract between Henkel and McKiness, its subcontractor, provided for indemnity in this language:

The Subcontractor agrees to indemnify and save harmless the Contractor from any and all loss or damage (including, without limiting the generality of the foregoing, legal fees and disbursements paid or incurred by the Contractor to enforce the provisions of this paragraph), occasioned wholly or in part by any negligent act or omission of the Subcontractor or that of anyone directly or indirectly employed by them or performing the work of this Subcontract under the direction of the Subcontractor or anyone for whose acts any of them may be liable in carrying out the provisions of the general contract and of this Subcontract *regardless of whether or not it is caused in part by a party indemnified hereunder.*

(Emphasis added.) Henkel claims it was error for the court to refuse its claim for indemnity under this agreement. It claims it should recover the amount of any judgment rendered against it, together with attorney fees and costs, in accordance with this agreement.

■ The general rule is that an indemnifying agreement will not be construed to relieve the indemnitee from the effect of its own negligence unless the agreement provides for it in "clear and unequivocal" language. *See* Annot., 68 A.L.R.3d 7, 68–69 (1976); 41 Am.Jur.2d *Indemnity* § 15, at 699–700 (1968).

Here, the district court refused to allow indemnity under the subcontract on the ground the damages were sought directly by Henkel; they were not the result of a claim by a third party against Henkel. The court noted in its rulings that "Henkel and McKiness have each made claims against the other for damages, and in Henkel's case, not for damages with respect to an injured third party which Henkel has to satisfy, but for its own damages and for its own damages which arise in part out of its own negligence."

As already indicated, a party may contract for indemnification of damages to which it contributed, if the agreement clearly provides for it. We believe the agreement in this case did that. The district court, however, was concerned that this construction, under the circumstances here, would in effect make McKiness an insurer and "would seem to be an unnatural expansion of the normal construction contract indemnity agreement."

■ On the other hand, Henkel points to the language of the agreement, which does not limit indemnification to third-party cases. Its provision for indemnity to Henkel for *"any and all loss or damage ...* occasioned wholly or in part by any negligent act or omission of the Subcontractor or that of anyone directly or indirectly employed ... regardless of whether or not it is caused in part by a party indemnified hereunder"* appears to be clear on this point. (Emphasis added.)

Henkel also raises a public policy consideration. Under the district court's construction of the indemnity agreement, it would have been to Henkel's advantage to simply wait until a third party took care of the leaks and wait to be sued by a third party. We do not believe this would be a logical construction of the agreement or an accurate assessment of the parties' intent. Here, the damages arose out of the parties' involvement in the construction project, and that is all that is required.

We conclude the court erred in construing the agreement to preclude indemnity to Henkel.

### IV. *McKiness' Cross-claim Against Henkel.*

In an issue closely related to the one immediately above, Henkel claims it was error for the court to allow McKiness to recover on his cross-claim against Henkel. The trial court concluded that it was not within the intent of the parties in their indemnifying agreement that McKiness should be prevented from recovery against Henkel. This issue is not, strictly speaking, one of indemnity. Rather, it concerns the right of McKiness to recover on its own cross-claim against Henkel on the basis of the forty percent of the negligence as-

sessed to Henkel. Henkel claims it was error to allow recovery to McKiness, because the indemnifying agreement was intended to place all responsibility for damages on McKiness. It points to the analogous principle that one who is required to indemnify another party may not obtain contribution from that party. *See Iowa Electric Light & Power Co. v. General Electric Co.*, 352 N.W.2d 231, 238 (Iowa 1984); *St. Paul Insurance Cos. v. Horace Mann Insurance Co.*, 231 N.W.2d 619, 625 (Iowa 1975); *Stowe v. Wood*, 199 N.W.2d 323, 326 (Iowa 1972).

 We think it is clear under the indemnifying agreement that McKiness was required to pay all claims arising out of this incident, whether the claims were made by a third party against Henkel, by Henkel against McKiness for indemnity, or by McKiness against Henkel on its cross-claim. McKiness cannot make an end run around the indemnity agreement by simply bringing its own independent action against Henkel.

A similar factual setting appeared in *Schek v. Chicago Transit Authority*, 42 Ill.2d 362, 247 N.E.2d 886 (1969). There, an indemnity agreement between a news company, which maintained a newsstand on a transit authority's premises, had an indemnity agreement with its newsstand operator. Under that agreement, the operator agreed to indemnify the news company and the transit authority from all claims, including those caused by the transit authority's own negligence. The court held that this agreement barred the operator's recovery in an independent action for damages, against the transit authority, when he was struck by a transit authority train.

We conclude it was error to enter judgment against Henkel on McKiness' cross-claim.

V. *The Directed Verdict Motion and the Court's Instruction.*

Henkel, in his cross-appeal, contends the court erred in denying its motion for a directed verdict on McKiness' cross-claim against it, and that the court erred in in-

structing the jury that Henkel owed a duty to McKiness.

Because Henkel was entitled to indemnity under its contract with McKiness, and therefore the liability of Henkel to McKiness should not have been submitted, these issues are moot.

We affirm the judgment of the district court insofar as it denied consideration of the negligence of Smith and Pulley. We also affirm on its order denying indemnity to McKiness under its active-passive theory. We reverse on the judgment denying Henkel indemnity against McKiness and reverse on the judgment against Henkel on McKiness's cross-claim. We remand for entry of judgments in accordance with this opinion. Costs on appeal are taxed to appellant McKiness.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

All Justices concur except LAVORATO, J., who takes no part.