**Alan PETERSON, Appellee,**

v.

**Virtus PITTMAN, Appellant.**

**No. 84–1733.**

Supreme Court of Iowa.

July 23, 1986.

David L. Phipps of Whitfield, Musgrave, Selvy, Kelly & Eddy, Des Moines, for appellant.

Thomas L. McCullough of McCullough Law Firm, Sac City, for appellee.

Considered by REYNOLDSON, C.J., and HARRIS, LARSON, SCHULTZ, and WOLLE, JJ.

HARRIS, Justice.

Plaintiff, a county employee, was working at a bridge site when he was severely injured as a result of actions by defendant, a dragline operator, who was also working on the project. The critical question is whether defendant was an agent or employee of Sac County at the time of the accident or whether he was an independent contractor. The trial court determined defendant was an independent contractor. Other issues involve various procedural and evidentiary rulings. The court of appeals affirmed the trial court and, although we do not entirely subscribe to its rationale, we do too.

Defendant Pittman was engaged by Sac County to furnish a dragline he owned and to operate it in connection with the repair of a bridge. At the time of the accident it was necessary to lift a bridge cap which had been incorrectly positioned due to a mistake by county personnel. Plaintiff and another worker had attached chains to the cap and the other worker left the scaffolding on which they had been working. Defendant mistakenly assumed plaintiff had also left.

The county foreman in charge of the project then signaled defendant to activate the dragline to lift the cap. When this was done the cap came loose at one end but at first remained stuck at the other end. As the second end broke free, it jerked upward and then came down. As a result plaintiff's hand was crushed between the cap and the piling.

Plaintiff brought this action against Pittman only; he did not sue the county or the supervising foreman. A jury found the accident resulted forty percent from plaintiff's negligence and sixty percent from defendant's negligence. It fixed plaintiff's damages at $150,000. A judgment was accordingly entered against defendant for $90,000 plus interest.

I. By an amended answer defendant alleged he was Sac County's employee or agent, a claim which, if established, might add two decisive arrows to defendant's quiver. First, under Iowa Code section 85.20 (1985) the rights of an injured employee (except for gross negligence) to sue for the negligence of a co-employee are limited to those prescribed by the worker's compensation law. Secondly, Iowa Code

section 613A.5 provides a special limitation of actions for suits against local governmental bodies, including counties. The action is lost unless a written notice of the claim is furnished within sixty days of the injury. There is no claim such a notice was given here.

■ The trial court refused to submit for the jury's consideration the defendant's claim that he was an employee of the county. The court incorrectly determined that the notice requirements of section 613A.5 were inappropriate in tort suits, such as this one, brought only against individual governmental employees. This determination may have been prompted by our holding to that effect in *Flynn v. Lucas County Memorial Hospital*, 203 N.W.2d 613, 615 (Iowa 1973). But our holding in *Flynn* was overturned by a legislative amendment to the statute. 1974 Iowa Acts ch. 1263, § 5. Following the amendment the notice requirements of section 613A.5 apply in suits brought against municipal employees acting as such, without regard to whether the municipality is a party to the suit. *Farnum v. G.D. Searle & Co.*, 339 N.W.2d 392, 395 (Iowa 1983).

Neither do we subscribe to a characterization of the ruling which refused to submit defendant's two statutory defenses. The court first correctly observed that neither the failure of the notice requirements under section 613A.5 nor the exclusivity provisions of section 85.20 would be implemented unless defendant was a county employee. The trial court's extensive explanation of its ruling included the following comment:

> This court finds as a matter of law that [defendant] was not a co-employee in the sense ... used in [section 85.20 (where gross negligence is the standard for recovery)].

The remark should neither be overread nor taken out of context. At the time it was made the court was confronted with a legal question: whether the defendant had made out a jury case on his factual claim (i.e., he was a county employee) which formed the basis for his two affirmative defenses.

■ The burden was on defendant to make such a factual showing. *See* Iowa R.App. P. 14(f)(5). We think the trial court's refusal to submit the two defenses was correct because the evidence simply would not support a finding that defendant was a county employee rather than an independent contractor.

■ The test for determining whether a person is an independent contractor or an employee is dependent upon many factors. *Beatty v. Halpin*, 267 F.2d 561, 564 (8th Cir.1959). The first inquiry is "who has the right of control." *Miller v. Component Homes, Inc.*, 356 N.W.2d 213, 216–17 (Iowa 1984); *see also Greenwell v. Meredith Corp.*, 189 N.W.2d 901, 904–05 (Iowa 1971) (court looks to "who has the right to control the physical conduct of the service"; if control "is vested in the person giving [the] service, he is an independent contractor; if it is vested in the employer, then the person rendering the service is an employee"); 41 Am.Jur.2d *Independent Contractors* § 6 (1968) ("[T]he most important test in determining whether a person employed to do certain work is an independent contractor or a mere servant or employee is the control over the work which is reserved by the employer.").

Control is however not conclusive. Although it is the primary consideration, other factors are also relevant. *See Gabrielson v. State*, 342 N.W.2d 867, 869 (Iowa 1984) ("[R]esponsibility for payment of wages is ... one of the factors to be considered in determining whether the relationship of employer-employee exists."); *Caterpillar Tractor Co. v. Shook*, 313 N.W.2d 503, 505 (Iowa 1981); *Restatement (Second) of Agency* § 220 (1958) (intention of parties is one consideration in determining existence of employer-employee relationship); 41 Am.Jur.2d *Independent Contractors* § 22 (1968) (employer's withholding of federal income taxes and deduction of social security "are circumstances to be considered along with all others in looking at the relationship").

There is no dispute about the underlying facts upon which defendant urges his claim to have been a county employee. He is not on the county payroll; he is a part-time farmer who owns and operates a line of earth-moving equipment. He stated he owned two draglines as well as "dozers, scrapers, backhoes, trucks." He said he used his dragline, for among other purposes, to clean ditches for farmers in the area as well as to "lift things." From his own description of his activities his engagement by the county to lift the bridge cap at the construction site seems to have been quite routine.

Defendant was engaged by the county to furnish his own machine and to operate it. He took along his own employees who were at the site along with plaintiff and other county employees. Defendant remained self-employed and his employees remained on his, not the county's, payroll.

■ Defendant bases his claim on the element of control, pointing to the fact it was the county foreman at the site who directed him when to lift the bridge cap after it had been attached to a dragline by plaintiff and another county employee. It is true the foreman directed defendant when the cap was to be lifted, but this fact does not alone make out a jury case on his claim to be a county employee. It is obvious he and his dragline were engaged to perform a function that had to be coordinated with other efforts on the project. But these circumstances fall short of the sort of control that would suggest an independent earth-moving contractor had become an employee. In view of the undisputed facts, including the nature of defendant's business, his ownership and control of the dragline, his employment records and those of the county, and the fact that the foreman's "control" was limited to signaling when defendant was to contribute his contracted effort to this coordinated project, we think the trial court correctly refused to submit the claim for the jury's consideration. Because there was no evidentiary basis for the jury to find defendant was a co-employee we find no reversible error in the trial court's refusal to submit either of defendant's statutory defenses.

II. In a separate assignment of error defendant complains of a trial court ruling which sustained two special appearances. Sac County and Boyd Rodman (the county's foreman at the site) were cited, not in plaintiff's petition, but in defendant's amended answer and affirmative defenses. They were served with original notice. No damages were asked against either; the defendant, according to his brief, "simply asked that the jury examine their conduct and be allowed to allocate a certain percentage of the negligence to those parties in their fact finding."

■ In the trial of a claim "involving the fault of more than one party," Iowa Code section 668.3(2) requires that the court or jury make an allocation of fault among each claimant, defendant, third-party defendant, and person who has been released from liability pursuant to section 668.7. The issue presented is whether this defendant could properly bring additional parties into the action for the purpose of ascertaining their degree of fault, if any, without making some claim for relief against them.

A civil action is . . . [for] the enforcement or protection of a private right, or the prevention or redress of a private wrong.

Iowa Code § 611.2 (1985). Because no relief of any kind was sought from the county or from Rodman the court correctly ruled they were not parties to this suit. *See Bauer v. Stern Finance Co.,* 169 N.W.2d 850, 856–57 (Iowa 1969). *See also* Iowa Code § 668.2 (party in comparative fault suit defined as claimant, defendant, person released, and third-party defendant).

The assignment is without merit.

III. We also agree with the court of appeals' conclusion that there was no abuse of discretion in two trial rulings. One had to do with the use of a deposition and one with the use of a transcript of a tape recording of an accident investigation. *See State v. Don,* 318 N.W.2d 801, 806 (Iowa

1982). These conclusions were not challenged on further review.

DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.