Carla **BETSWORTH**, Appellant,

v.

**MOREY'S AND RAYMOND'S;** and **Fourth and Jackson, Inc., as Fourth and Jackson Realty Company, an Iowa Corporation, Defendants,**

and

**City of Sioux City, Iowa, A Municipal Corporation, Appellee.**

No. 87–694.

Supreme Court of Iowa.

May 11, 1988.

---

notice was received within ten days of the petition's filing.

Robert L. Sikma, Sioux City, for appellant.

Ann K. Jansen, Asst. City Atty., Sioux City, for appellee.

Considered by McGIVERIN, C.J., and LARSON, SCHULTZ, LAVORATO, and ANDREASEN, JJ.

LARSON, Justice.

Carla Betsworth fell as she left a store in a Sioux City mall on December 1, 1983. On June 14, 1985, she sued the store, Morey's and Raymond's (Morey's), alleging negligence in failing to remove accumulations of ice and snow. Betsworth amended her petition on June 11, 1986, to include Fourth and Jackson, Inc., the owner of the store building. This amendment was found by the court to "relate back" to the date of the filing of the original petition, and thus not subject to dismissal under the statute of limitations. *See* Iowa R.Civ.P. 89.

On December 17, 1986, Betsworth filed another amendment to her petition. This time she added the City of Sioux City, which owned the area in the mall immediately adjacent to Morey's. The City of Sioux City filed a motion for summary judgment based on the running of the statute of limitations, Iowa Code § 614.1(2) (1985) (two years for injury to person). The district court granted the motion for summary judgment, and we affirm.

On appeal, Betsworth acknowledges that this action against the City would ordinarily be barred by Iowa Code section 614.1(2), because more than two years had passed since her fall. She relies on another Code section, however, which she claims will allow her action to remain viable against the City as long as the original petition was filed within the two-year period. That statute provides:

> The filing of a petition under this chapter tolls the statute of limitations for the commencement of an action against *all parties who may be assessed any percentage of fault under this chapter.*

Iowa Code § 668.8 (emphasis added).

The plaintiff contends that the City is a "party" under this section; therefore, her timely filing of the original petition against Morey's tolled the statute of limitations as to the City as well. The City argued, and the district court ruled, that the City is not a party under section 668.8, because of the limited definition of party provided by chapter 668.

Iowa Code section 668.2 defines "party":

> As used in this chapter, unless otherwise required, "party" means any of the following:
>
> 1. A claimant.
>
> 2. A person named as a defendant.
>
> 3. A person who has been released pursuant to section 668.7.

#### 4. A third-party defendant.

The plaintiff concedes that the City does not fall within any of the four specific categories of "party" set out in section 668.2, but she points to the "unless otherwise required" language of that section in arguing that the enumerated categories are not intended to be exclusive.

We have not had a prior occasion to construe section 668.2 under these circumstances. However, we have held that a "party" does not include a party who has been dismissed from the case, *Payne Plumbing & Heating Co. v. Bob McKiness Excavating & Grading, Inc.*, 382 N.W.2d 156, 159 (Iowa 1986), and that a person who had helped create a hazard causing an injury, but who was unidentified, could not be considered to be a "party" for purposes of apportioning fault under chapter 668, *Baldwin v. City of Waterloo*, 372 N.W.2d 486, 493 (Iowa 1985).

These cases have suggested a rather narrow scope of "party," but Betsworth argues that the language of the statute has enough play in it to allow a suit against a party whose identity is not known until there is discovery. This would allow a plaintiff to sue a more limited group of parties originally and expand that group as their involvement became known through discovery. The result would be increased judicial economy, she argues.

Betsworth also contends that, if "defendant" under section 668.2 is limited to a defendant who is sued prior to the running of the statute of limitations, specific inclusion of "defendant" in the definition of a party in section 668.2 would be superfluous; the statute of limitations would already be tolled as to such a defendant, and the tolling provisions of section 668.8 would be unnecessary.

On the other hand, there are policy considerations favoring prompt disposition of suits and in giving a potential defendant as much notice as possible to prepare a defense. If we were to adopt Betsworth's reasoning, there would be virtually no limit to the time within which a new party could be sued.

As to Betsworth's argument that she should be permitted to bring in defendants as their identity becomes known through discovery, we believe the same result could be obtained by a plaintiff's conducting discovery in sufficient time to add new defendants within the period of limitation.

 We conclude that, while there are policy considerations favoring plaintiff's argument, the definition of "party" in Iowa Code section 668.2 is specific and, despite its "unless otherwise required" language, it does not include a party, such as the City of Sioux City, which is not sued until after the expiration of the statute of limitations. There is always the possibility, of course, that such a defendant might be brought in as a third-party defendant, and in that case the statute of limitations would not be a barrier. *See Reese v. Werts*, 379 N.W.2d 1, 5 (Iowa 1985).

We conclude the trial court properly dismissed the action against the City of Sioux City and therefore affirm.

AFFIRMED.