48 F.3d 1224
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 HUFFY SERVICE FIRST, Plaintiff-Appellee,
v.
RAND INTERNATIONAL LEISURE PRODUCTS LTD., Defendant-Appellant.
 No. 94-1770.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Nov. 16, 1994.
Filed: Jan. 6, 1995.
 
 Appeal from the United Stats District Court for the Northern District of Iowa.
 N.D.Iowa
 AFFIRMED.
 Before MAGILL, Circuit Judge, CAMPBELL,* Senior Circuit Judge, and LOKEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Marilyn Yanak was injured riding a bicycle manufactured by Rand International Leisure Products Ltd. ("Rand"), assembled by Huffy Service First, Inc. ("Huffy Service"), and purchased at a Target store in Sioux City, Iowa. Yanak sued Rand, Huffy Service, and Target for damages. After Rand and Target settled with Yanak, Huffy Service demanded that Rand indemnify Huffy Service from Yanak's claim under a 1985 Factory-Authorized Assembly and Warranty Service Agreement between Rand and Huffy Service. When Rand rejected this demand, Huffy Service settled with Yanak and commenced this diversity action against Rand, claiming (i) a right to contractual indemnity, and (ii) breach by Rand of a contractual duty to insure Huffy Service against Yanak's claim. A jury returned a special verdict in favor of Huffy Service on both claims in the amount of $58,000, the district court[1] denied Rand's post- trial motions, and Rand appeals.
 
 
 2
 On appeal, Rand first argues that Huffy Service's claim for contractual indemnity should have been determined in the Yanak lawsuit under principles of Iowa's comparative fault law. It is not clear that this contention was raised in the district court, nor does Rand explain how this contention, if sustained, would result in overturning the verdict for Huffy Service on its alternative claim for breach of a promise to procure insurance. But in any event, we agree with Huffy Service that Iowa's comparative fault statute does not affect contractual indemnity. See Payne Plumbing & Heating Co. v. Bob McKinness Excavating & Grading, Inc., 382 N.W.2d 156 (Iowa 1986).
 
 
 3
 Rand next argues that Huffy Service's claims should be barred by principles of estoppel and laches because they were not asserted until after Rand settled with Yanak. We reject this contention for the reasons stated by the district court in its post-trial Order dated February 23, 1994. See 8th Cir. Rule 47B.
 
 
 4
 The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Levin H. CAMPBELL, Senior United States Circuit Judge for the First Circuit, sitting by designation
 
 
 [1]
 The HONORABLE CHARLES R. WOLLE, Chief Judge of the United States District Court for the Southern District of Iowa