941 F.2d 692
 Prod.Liab.Rep. (CCH) P 12,945
Curtis M. CHRISTOPHERSON, Appellant,
v.
DEERE & COMPANY, a/k/a John Deere Company, a Delaware
Corporation, Appellee.
Monica R. CHRISTOPHERSON, Appellant,
v.
DEERE & COMPANY, a/k/a John Deere Company, a Delaware
Corporation, Appellee,
v.
Howard CHRISTOPHERSON.
 No. 90-2231.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 11, 1991.
Decided Aug. 12, 1991.
Rehearing and Rehearing En Banc
Denied Oct. 11, 1991.
 
 Jefferson D. Sellers, argued (Jack B. Sellers, on brief), Sapulpa, Okl., for appellant.
 Philip Willson, argued (Joseph D. Thornton, on brief), Council Bluffs, Iowa, for appellee.
 Edward F. Noethe, Omaha, Neb., for cross-appellee Howard Christopherson.
 Before BOWMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and LARSON,* District Judge.
 BOWMAN, Circuit Judge.
 
 
 1
 Plaintiffs Curtis M. and Monica R. Christopherson appeal from the final judgment entered on the jury verdict in their products liability action. The jury awarded compensatory damages to plaintiffs, denied their claim for punitive damages and, applying the Iowa law of comparative fault, found Curtis Christopherson responsible for twenty percent of his injuries. Federal subject matter jurisdiction is based upon diversity of citizenship. 28 U.S.C. § 1332(a)(1) (1988). Appellate jurisdiction is based upon 28 U.S.C. § 1291 (1988). We affirm.
 
 
 2
 Only a brief statement of the facts is necessary. The injury from which this suit arises occurred while Curtis Christopherson was attempting to remove beans from beneath the vertical unloading auger of his father's Titan series combine. The design of the combine, which was manufactured by defendant Deere and Company (Deere), made it necessary for the user periodically to remove by hand grain or beans that had accumulated in the sump area below the vertical unloading auger. To facilitate this task, Deere had incorporated on the housing of the vertical unloading auger a small clean-out door, large enough to permit the combine user to reach in and scoop out the accumulated grain or beans. Users of the Titan combines also had found that the cleaning process was made easier by briefly engaging the auger during the cleaning of the combine to dislodge any grain or beans that were stuck in the system. On September 20, 1984, Curtis's right hand was severely injured when he reached in through the clean-out door to remove excess beans and his father, third-party defendant Howard Christopherson, briefly engaged the auger.
 
 
 3
 Curtis Christopherson and his wife Monica initiated this action in the District Court[1] seeking actual and punitive damages against Deere under Iowa's laws of strict liability. Deere in turn filed a third-party claim against Howard Christopherson. Curtis and Monica Christopherson did not file any claims against Howard Christopherson. The case proceeded to a trial by jury.
 
 
 4
 After approximately six hours and forty minutes of deliberations, the jury returned a unanimous verdict finding Curtis Christopherson's damages to be $100,000 and Monica's damages for loss of consortium to be $3000. In addition, the jury unanimously found that Deere was fifty percent responsible for Curtis's injuries, that Howard Christopherson was thirty percent responsible, and that Curtis was twenty percent responsible. The jury also returned a non-unanimous verdict, signed by seven of the eight jurors,[2] denying the request for punitive damages. The District Court then entered judgment against Deere for $50,000 in favor of Curtis Christopherson and for $1,875 in favor of Monica Christopherson.[3] Because neither plaintiff made a claim against Howard Christopherson, the court refused to hold Deere jointly and severely liable for his thirty percent of the fault and, consequently, no judgment was entered against him on Deere's third-party claim. The court also ordered that costs be divided among the parties in accordance with their percentages of fault.
 
 
 5
 Plaintiffs ask this Court to order a new trial, arguing that the jury instruction on assumption of risk was erroneous. We conclude that this argument has not been preserved for appellate review. Plaintiffs' argument to us is that instruction number twenty-four, the assumption of risk instruction, misstated Iowa law by using the phrase "voluntarily assumed the risk" rather than "voluntarily and unreasonably assumed the risk." The plaintiffs point out that, under Iowa law, to assume a risk one must "voluntarily and unreasonably" accept a known risk, see, e.g., Hughes v. Magic Chef, Inc., 288 N.W.2d 542, 545 (Iowa 1980), and that the omission of the word "unreasonably" from the instruction given the jury ordinarily constitutes reversible error. Cf. Garnes v. Gulf & Western Mfg. Co., 789 F.2d 637, 642 (8th Cir.1986) (finding reversible error where jury instruction omitted the concept of reasonableness). Here, however, plaintiffs' only objection to instruction twenty-four was that the evidence was insufficient to justify an assumption of risk instruction, not that the instruction itself contained an incorrect statement of the law. Cf. Garnes, 789 F.2d at 640-41 (defendant specifically objected to the instruction on the basis that it incorrectly stated its duties under Iowa law). Rule 51 requires that an objection to a jury instruction state "distinctly the matter objected to and the grounds of the objection." Fed.R.Civ.P. 51. Plaintiffs' objection here was insufficient to preserve the issue they now seek to raise for appellate review, and we therefore will reverse on the basis of this instruction only if we find plain error. See, e.g., Tinnon v. Burlington Northern R. Co., 898 F.2d 1340, 1343 (8th Cir.), cert. denied, --- U.S. ----, 111 S.Ct. 255, 112 L.Ed.2d 213 (1990).
 
 
 6
 "[A]ny plain error exception to compliance with Rule 51 is 'confined to the exceptional case where error has seriously affected the fairness, integrity or public reputation of judicial proceedings,' " Smith v. Honeywell, Inc., 735 F.2d 1067, 1069 (8th Cir.), cert. denied, 469 U.S. 1077, 105 S.Ct. 576, 83 L.Ed.2d 516 (1984) (quoting Rowe Int'l v. J-B Enterprises, 647 F.2d 830, 835 (8th Cir.1981)), and has "contribute[d] to a miscarriage of justice." United States v. Young, 470 U.S. 1, 16, 105 S.Ct. 1038, 1047, 84 L.Ed.2d 1 (1985). This exacting standard has not been met here, as the essential fairness of the trial was not undercut by the omission of the word "unreasonably" from instruction twenty-four, and plaintiffs, who have been awarded substantial compensatory damages, have not suffered a miscarriage of justice.[4]
 
 
 7
 Plaintiffs also argue that the District Court erred as a matter of law by refusing to hold Deere jointly and severally liable for the portion of damages assessed against Howard Christopherson. The District Court declined to hold Deere jointly and severally liable with Howard because plaintiffs had elected their remedy by choosing not to sue Howard and therefore it would be inequitable to saddle Deere with Howard's portion of the responsibility for plaintiffs' injuries. Plaintiffs urge us to find that the District Court's ruling conflicts with the provisions of Iowa's comparative fault statutes. They do not challenge the District Court's conclusion that joint and several liability is inappropriate here by virtue of Iowa's doctrine of election of remedies, or its conclusion that it would be inequitable to permit plaintiffs to recover from Deere upon that portion of fault attributed to Howard Christopherson. Having reviewed the disputed question of Iowa law de novo, see Salve Regina College v. Russell, --- U.S. ----, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991), we hold that the District Court's ruling does not conflict with Iowa's comparative fault statutes.
 
 
 8
 Plaintiffs' argument is based upon an overly broad reading of two sections of Iowa's comparative fault statutes. The first section, Iowa Code Ann. § 668.4 (West 1987), provides that "[i]n actions brought under this chapter, the rule of joint and several liability shall not apply to defendants who are found to bear less than fifty percent of the total fault." Iowa Code Ann. § 668.4 (West 1987). The second section, Iowa Code Ann. § 668.3(1) (West 1987), provides that:
 
 
 9
 [c]ontributory fault shall not bar recovery in an action by a claimant to recover damages for fault resulting in death or in injury to person or property unless the claimant bears a greater percentage of fault than the combined percentage of fault attributed to the defendants, third-party defendants and persons who have been released pursuant to section 668.7, but any damages allowed shall be diminished in proportion to the amount of fault attributable to the claimant.
 
 
 10
 Iowa Code Ann. § 668.3(1) (West 1987). Plaintiffs assert that section 668.4 not only prohibits joint and several liability when the defendant is less than fifty percent at fault, but that it also mandates joint and several liability in every case in which the defendant is at least fifty percent at fault. They also assert that the policies underlying Chapter 668 require that this allegedly mandatory joint and several liability apply to the fault of all the parties,[5] excluding the claimant, even if the claimant has not sued all the parties found to be at fault. We disagree.
 
 
 11
 Neither of the sections upon which plaintiffs rely addresses the situation in which one party is assessed with at least fifty percent of the fault,[6] nor does either section address the issue of joint and several liability where a party that the plaintiff did not sue is assessed with fault. Furthermore, plaintiffs have not referred us to any ambiguity in either section, nor can we find any, that justifies construing these sections in the manner plaintiffs suggest. See, e.g., State v. Landals, 465 N.W.2d 660, 662 (Iowa 1991) ("When a statute is plain and its meaning clear ... we should not reach for meaning beyond its express terms."). Finally, we are unconvinced that the policies behind Chapter 668 require that a defendant be jointly and severally liable to the claimant for the fault of a party not sued by the claimant. None of plaintiffs' cases supports such a conclusion, see, e.g., Kopsas v. Iowa Great Lakes Sanitary Dist. of Dickinson County, 407 N.W.2d 339, 340-41 (Iowa 1987); Dumont v. Keota Farmers Coop., 447 N.W.2d 402, 405-06 (Iowa Ct.App.1989), nor does section 668.3(1), upon which plaintiffs rely almost exclusively for their public policy argument.[7] To the contrary, other sections of Chapter 668 evidence a public policy supportive of the District Court's decision. See, e.g., Iowa Code Ann. § 668.7 (West 1987) (requiring that claimant's recovery be reduced by the amount of fault attributed to parties with whom the claimant has executed releases, covenants not to sue, and similar agreements).[8] We therefore reject the plaintiffs' argument and we hold that the District Court's judgment does not conflict with the express provisions of, or the policies behind, Iowa Code Chapter 668.
 
 
 12
 For the reasons set forth above, we find that any error in the jury instruction on assumption of risk did not rise to the level of plain error and that the District Court's conclusion not to hold Deere jointly and severally liable for Howard Christopherson's fault was not an error of law. Because we also find no merit in the other issues raised by plaintiffs, the judgment of the District Court is affirmed.[9]
 
 
 13
 HEANEY, Senior Circuit Judge, concurring in part and dissenting in part.
 
 
 14
 I concur with the majority's opinion in all respects except on the joint and several liability issue. In my opinion, the majority's opinion contradicts Iowa law on this issue.
 
 
 15
 Because the joint and several liability issue is purely one of interpreting the law of Iowa, we are bound to follow the decisions of the Iowa courts. Moreover, under Salve Regina College v. Russell, --- U.S. ----, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991), we are no longer required to substantially defer to the district court's interpretation of the law of the state in which it sits. With these standards in mind, I believe that both the majority and the district court have misinterpreted the relevant Iowa law.
 
 STATUTORY LAW
 
 16
 Iowa's joint and several liability statute provides:
 
 
 17
 In actions brought under this [comparative fault] chapter, the rule of joint and several liability shall not apply to defendants who are found to bear less than fifty percent of the total fault assigned to all parties.
 
 
 18
 Iowa Code Ann. § 668.4 (West 1987). A logical corollary of this dictate is that the rule of joint and several liability applies to defendants who are found to be fifty percent or more at fault. See Dumont v. Keota Farmers Coop., 447 N.W.2d 402, 406 (Iowa Ct.App.1989) (section 668.4 does not affect the general rule that "each of two or more persons whose tortious conduct is a legal cause of a single and indivisible harm to the injured party is subject to liability to the injured party for the entire harm." (quoting the Restatement (Second) of Torts § 875 (1977))). Based on a naked reading of this statute, Deere should be jointly and severally liable for the damages owed to Curtis Christopherson. This reading of Iowa statutory law is bolstered by an additional statute from the same chapter, which prevents Deere from arguing that Howard Christopherson is not a party within the meaning of section 668.4:
 
 
 19
 As used in this chapter, unless otherwise, party means any of the following:
 
 
 20
 1. A claimant.
 
 
 21
 2. A person named as defendant.
 
 
 22
 3. A person who has been released pursuant to section 668.7.
 
 
 23
 4. A third-party defendant.
 
 
 24
 Iowa Code Ann. § 668.2 (West 1987) (emphasis added).
 
 
 25
 The majority refuses to hold Deere jointly and severally liable for the negligence of third-party defendant, Howard Christopherson. This result ignores the statutory law of Iowa, which plainly requires that defendants who are found to be fifty percent or more at fault are jointly and severally liable for the total fault assigned to all parties, which includes, by definition, third-party defendants. What makes the majority's decision all the more dismaying is that the Iowa courts have interpreted the statutory law in the same way as I understand it.
 
 CASE LAW
 
 26
 Dumont v. Keota Farmers Coop., 447 N.W.2d 402 (Iowa Ct.App.1989), involved a situation analogous to the one before us. There, Dumont initially brought suit against the Co-op and Monsato, a manufacturing concern. However, Dumont dismissed its claims against Monsato without prejudice prior to trial. Dumont then proceeded to trial against the Co-op, after which the jury found the Co-op sixty percent at fault and Monsato forty percent at fault, although Monsato was not at that time a defendant to the suit. Id. at 403-404.
 
 
 27
 On the issue of joint and several liability, the Iowa court applied section 668.4 and held:
 
 
 28
 The jury's finding that Co-op was 60% at fault makes the doctrine applicable to it. This is particularly true in this case because of the assertion that another tortfeasor who, as it turns out, is not a party to the action is at fault.
 
 
 29
 Id. at 406 (emphasis added). Here, we have the same situation. The actual defendant, Deere, was found to be fifty percent at fault. Howard Christopherson, who was not a named defendant, was also found to be at fault. According to Dumont, this configuration presents a particularly compelling case for finding joint and several liability, yet the majority declines to follow this law.
 
 
 30
 Lest there be any doubt on this issue, one only need to examine a second Iowa case. In Johnson v. Junkmann, 395 N.W.2d 862 (Iowa 1986), Johnson brought suit against Junkman; no action was brought against a third party, Fine, who had already settled with Johnson and had been released from further liability. While the issue on appeal in Johnson is not pertinent here, the discussion that the issue provoked is relevant. In this discussion, the Supreme Court of Iowa reiterated what I believe the Iowa statutes have already made clear: "if the fault of more than one party is involved, ... Iowa's Comparative Fault Act, including [the joint and several liability statute], is fully applicable." Id. at 868. Like the situation before us, in Johnson the second party at fault was not a defendant in the suit, yet the Supreme Court of Iowa nonetheless proceeded to apply the joint and several liability statute.
 
 
 31
 The Iowa Supreme Court reached this result because one of the original tortfeasors, "Fine, although released from liability by Johnson, nonetheless is also a 'party' under the Iowa Code section 668.2(3) definition." Id. at 867. Here, we have a similar situation. By definition, Howard Christopherson is a 'party' under section 668.2(4), and therefore, because the claim of Curtis Christopherson "involves the fault of more than one party, [chapter 668] applies." Id. at 867. Included in this application is the chapter's implicit provision for joint and several liability for any defendant, such as Deere, who is found to be fifty percent or more at fault.
 
 RESTATEMENT
 
 32
 Additional authority supports the understanding that I and the Iowa courts' share regarding that state's joint and several liability statute. With regard to contributing tortfeasors, the Restatement (Second) of Torts (1979) states:
 
 
 33
 § 875. Contributing Tortfeasors--General Rule
 
 
 34
 Each of two or more persons whose tortious conduct is a legal cause of a single and indivisible harm to the injured party is subject to the injured party for the entire harm.
 
 
 35
 and,
 
 
 36
 § 882. Joinder of Parties
 
 
 37
 If each of two or more persons is subject to liability for the full amount of damages allowed for a single harm resulting from their tortious conduct, the injured person can properly maintain a single action against one, some or all of them.
 
 
 38
 The fact that the Dumont court cited the above-quoted section 875 makes this authority all the more compelling. Indeed, Dumont incorporated section 875 as the law of Iowa:
 
 
 39
 Setting aside for a moment section 668.4, we note the following section 875 of the Restatement (Second) of Torts (1977):
 
 
 40
 Each of two or more persons whose tortious conduct is a legal cause of a single and indivisible harm to the injured party is subject to liability to the injured party for the entire harm.
 
 
 41
 We do not find that section 668.4 affects this general statement of law except for those defendants who are found to bear less than 50% of the fault assigned to all parties and, in those instances, the doctrine of joint and several liability does not apply. See also Cornell v. Langland, 109 Ill.App.3d 472, 65 Ill.Dec. 130, 133, 440 N.E.2d 985, 988 (1982) (holding that joint and several liability applied to sole defendant found to be 82.5% negligent ).
 
 
 42
 Dumont, 447 N.W.2d at 406 (emphasis added). In this case, we have a sole defendant who was found to be fifty percent negligent. Accordingly, under the law of Iowa, we should hold Deere jointly and severally liable for the damages awarded to Curtis Christopherson.
 
 FAIRNESS
 
 43
 Deere, the district court, and the majority premise their positions on the concept of "fairness." For example, Deere argues that the pursuit of fairness motivated the judicial adoption of comparative fault in Iowa. See Goetzman v. Wichern, 327 N.W.2d 742, 753 (Iowa 1983). Accordingly, Deere reasons that the concept of fairness requires that its liability be limited to its proportionate share of fault. While Goetzman did speak of fairness, it did so in the context of replacing Iowa's contributory negligence doctrine with a comparative fault regime, and said nothing about the relation between comparative fault and joint and several liability. Indeed, in Rozevink v. Faris, 342 N.W.2d 845 (Iowa 1983), the Supreme Court of Iowa rejected an argument identical to Deere's, ruling:
 
 
 44
 We hold that Iowa's joint and several liability doctrine is both sound as applied in this case and unaffected by our adoption of pure comparative negligence. The trial court correctly held all defendants jointly and severally liable for the entire amount of plaintiff's judgment.
 
 
 45
 Id. at 850.
 
 
 46
 Despite the Iowa Supreme Court's holding in Rozevink, the district court and the majority also appear to be motivated by concerns with fairness in reaching their decisions. Their rulings suggest that they are troubled by the possibility that holding Deere jointly and severally liable for both its and Howard Christopherson's share of the fault would leave Deere without recourse to reimburse itself via a contribution action against Howard Christopherson.
 
 
 47
 While this concern with fairness is understandable, it did not warrant their course of action. The Supreme Court of Iowa has already ruled that the concept of fairness that inspired the adoption of a comparative fault regime does not prevent joint and several liability from being applied in a comparative fault case. If that court was mistaken in its determination, the Iowa legislature, but not this court, should correct it. Indeed, the Iowa legislature has implicitly approved of the Rozevink opinion: the statutory adoption of comparative fault, and its recognition that joint and several liability remains operative law, occurred in 1984, the year after the Iowa Supreme Court issued its opinion in Rozevink.
 
 
 48
 The district court and the majority not only encroach on judicial comity, federalism, and the separation of powers in their pursuit of their concept of fairness, but also ignore the very rationale of fairness that justifies joint and several liability as a doctrine of law. Joint and several liability is premised on the ideal that, in the case of an insolvent or otherwise immune defendant, it is better for a negligent defendant to bear the burden of this circumstance than a victimized plaintiff. Were this not the case, the plaintiff would be forced to bear the burden of the immune defendant, and the concerns for fairness that led to the replacement of contributory negligence with comparative negligence would be undermined: the plaintiff would once again be disproportionately, and thus unduly, penalized for his own fault, as was the case during the pure contributory negligence era. Reasoning similar to this persuaded the Supreme Court of Iowa to maintain joint and several liability after its adoption of the comparative negligence doctrine. See Rozevink, 342 N.W.2d at 850 (commenting favorably on the jurisdictions which have "concluded that negligent defendants should in fairness continue to bear the full responsibility for payment of the reduced amount a comparatively negligent plaintiff may recover in damages."). Although the Supreme Court has approved of this reasoning and has set forth its understanding of fairness, this court has chosen to rule in a matter that disregards it.
 
 CONCLUSION
 
 49
 Because the majority fails to comply with the law of Iowa, despite that law's clarity, I dissent from the portion of the majority's opinion that deals with the joint and several liability issue.
 
 
 
 *
 The Honorable Earl R. Larson, United States District Judge for the District of Minnesota, sitting by designation
 
 
 [1]
 The Honorable Donald E. O'Brien, Chief United States District Judge for the Northern District of Iowa
 
 
 [2]
 The jury was instructed that if they could not reach a unanimous verdict after six hours of deliberations, they then were permitted to return a non-unanimous verdict in which only seven out of the eight jurors must agree. The plaintiffs originally challenged this instruction on appeal. However, during oral arguments they conceded that the issue was not preserved for appellate review and they therefore withdrew that argument from consideration
 
 
 [3]
 The $1,875 figure was determined by multiplying the total award to Monica Christopherson by Deere's percentage of fault divided by the total percentage of fault excluding that of Curtis Christopherson. Thus $3,000 X (50%/50% + 30% ) = $1,875. This result is in accordance with Iowa law. See Schwennen v. Abell, 430 N.W.2d 98, 103 (Iowa 1988) (en banc)
 
 
 [4]
 In allocating twenty percent of the fault for the accident to Curtis Christopherson, the jury necessarily considered the reasonableness of his conduct
 
 
 [5]
 As used in Iowa Code Chapter 668, the term "party" has a specific legal definition including:
 
 
 [1]
 A claimant
 
 
 [2]
 A person named as defendant
 
 
 [3]
 A person who has been released pursuant to section 668.7
 
 
 [4]
 A third-party defendant
 Iowa Code Ann. § 668.2 (West 1987). Thus, in the case now before us, Howard Christopherson is a "party" under subsection 4 of this section, despite the fact that he was not sued by the plaintiffs. Cf. Dumont v. Keota Farmers Coop., 447 N.W.2d 402, 404-05 (Iowa Ct.App.1989) (holding that a joint tortfeasor that is dismissed without prejudice before trial is not a "party" under section 668.2 and therefore should not be included in the apportionment of fault).
 
 
 [6]
 Iowa's courts have held that section 668.4 is directed only to those case in which the defendant's fault is less than fifty percent and that it does not alter the common law of joint and several liability in those instances in which the defendant is at least fifty percent at fault. See, e.g., Dumont v. Keota Farmers Cooperative, 447 N.W.2d 402, 406 (Iowa App.1989). Furthermore, Iowa's courts have yet to address the question of whether common law joint and several liability applies in a comparative fault setting in which at least one tortfeasor who qualifies as a party under section 668.2, and who is found to be partially at fault, is not sued by the plaintiff
 
 
 [7]
 Plaintiffs' discussion of how section 668.3(1) evidences the public policy behind Iowa's statutes is actually nothing more than a quotation of the statute emphasizing the phrase "any damages allowed shall be diminished in proportion to the amount of fault attributable to the claimant." Appellants' Brief at 15-16 (quoting Iowa Code § 668.3(1) (West 1987))
 
 
 [8]
 Section 668.7 is not applicable directly to the case at bar as the record here does not contain evidence of the types of agreements addressed in section 668.7--releases, covenants to not sue, and similar agreements. Cf. Dumont v. Keota Farmers Coop., 447 N.W.2d 402, 405 (Iowa Ct.App.1989) (holding that section 668.7 does not cover a plaintiff's dismissal of a defendant without prejudice). However, this section is relevant for the purpose of determining whether the public policy behind Iowa Code Chapter 668 calls for the imposition of joint and several liability under the facts presently before us. It is for that purpose that we refer to it
 
 
 [9]
 Plaintiffs argue there was insufficient evidence to justify instructing the jury on the issue of assumption of risk, and that the District Court abused its discretion by assessing costs to the parties in the same proportions as the fault assessed against each party by the jury. Both of these arguments are meritless, and neither warrants discussion