# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2094

_____

David Allen Archer; Sonia D. Archer,    *
                          *

     Plaintiffs - Appellees,      *
                          *

     v.                         *
                          *

Pavement Specialist, Inc.,      *
                          *    Appeal from the United States

     Defendant - Appellant.      *    District Court for the
                          *    Western District of Arkansas.

     v.                         *
                          *    **[TO BE PUBLISHED]**

Shirley A. Sossamon,      *
                          *

     Third-Party Defendant - Appellee.   *

_____

Submitted:  December 10, 2001

Filed: January 30, 2002

_____

Before LOKEN and BYE, Circuit Judges, and BOGUE,[*] District Judge.

_____

PER CURIAM.

     David and Sonia Archer's children were killed when a car driven by Shirley Sossamon rear-ended the Archers' car on interstate highway 40.  The Archers filed

___

[*]The HONORABLE ANDREW W. BOGUE, United States District Judge for the District of South Dakota, sitting by designation.

this wrongful death action against Pavement Specialist, Inc. ("PSI"), a contractor performing repairs on I-40. PSI filed a third-party claim against Sossamon, but the Archers did not assert a negligence claim against Sossamon, presumably because that would have destroyed the federal court's diversity jurisdiction. A jury found PSI 25% at fault and Sossamon 75% at fault. The district court[1] entered judgment against PSI for the full $2,100,000 damage award, concluding that under Arkansas law PSI is jointly and severally liable for the Archers' total damages. PSI appeals, arguing it is not liable for the 75% of the verdict attributable to Sossamon's fault. We affirm.

PSI's argument is well-summarized in the concluding section of its brief:

> Inasmuch as the plaintiffs did not make a claim against the third-party defendant, the court should refuse to hold PSI jointly and severally liable for Sossamon's 75%. The plaintiffs have elected their remedy by choosing not to sue Sossamon, in order to maintain their federal jurisdiction status and, therefore, it would be inequitable to saddle PSI with Sossamon's portion of the responsibility for plaintiffs' damages.

As the district court recognized, the difficulty with this argument is that under Arkansas law, which governs this diversity action, when two or more tortfeasors are jointly and severally liable in negligence, plaintiffs may recover in full from any one of them without suing the others. See, e.g., Bill C. Harris Constr. Co. v. Powers, 554 S.W.2d 332, 337 (Ark. 1977); ARK. CODE ANN. § 16-61-203. In support of its contrary contention, PSI relies on our decision in Christopherson v. Deere & Co., 941 F.2d 692 (8th Cir. 1991), in which a divided panel applying Iowa law affirmed a district court that had adopted PSI's equitable election-of-remedies argument in holding defendant not jointly and severally liable for an absent tortfeasor's percentage of the fault. As the Archers note, the Supreme Court of Iowa later declared that the

---

[1]The HONORABLE ROBERT T. DAWSON, United States District Judge for the Western District of Arkansas.

Christopherson majority had misinterpreted the Iowa law of joint and several liability. See Pepper v. Star Equipment Ltd., 484 N.W.2d 156, 158 n.2 (Iowa 1992). But in any event, Christopherson applied Iowa law, which was unclear at the time, whereas this case is governed by a well-established principle of Arkansas law.

Alternatively, PSI argues that this case is governed by Rule 14 of the Federal Rules of Civil Procedure, rather than Arkansas law. Rule 14 deals with third-party practice and procedure. PSI relies on Hiatt v. Mazda Motor Corp., 75 F.3d 1252 (8th Cir. 1996). Hiatt involved Arkansas' comparative fault statute, which precludes recovery unless plaintiff's fault is less than the combined fault of the "parties from whom [plaintiff] seeks to recover damages." ARK. CODE ANN. § 16-64-122(b). The issue in Hiatt was whether the fault of third-party defendants should be included in determining plaintiff's comparative fault. We looked to Rule 14 in deciding that the Arkansas statute does not encompass third-party defendants in diversity cases unless plaintiff affirmatively asserted a claim against them. Thus, Hiatt was a proper application of the well-settled rule "that in a suit based on diversity of citizenship jurisdiction the federal courts apply federal law as to matters of procedure but the substantive law of the relevant state." 75 F.3d at 1255. Here, on the other hand, PSI would have us violate that rule by holding that Rule 14, a federal procedural rule, trumps the substantive rule of Arkansas law that plaintiff may recover in full from a tortfeasor who is jointly and severally liable without suing the other tortfeasors.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-